(Reap. Dec. 10591)

W. J. BYRNES & Co. v. UNITED STATES

Entry No. 7107.

(Decided October 7, 1963)

*Barnes, Richardson & Colburn* for the plaintiff.

*John W. Douglas,* Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement is before me for decision on a written stipulation, reading as follows:

1. That this stipulation is limited to those items on the invoice marked "A" or "B" and initialed JTC (Examiner's Initials) by Examiner John T. Clifford

(Examiner's Name) on the invoice covered by the above-entitled appeal for re-appraisement.

2. That as so limited, the merchandise and the issues here involved are the same in all material respects as those involved in *United States* v. *Gitkin Co.*, A.R.D. 132, and that the record in the cited case may be incorporated in the record herein.

3. That the involved merchandise was entered or withdrawn from warehouse prior to the effective date of the Customs Simplification Act of 1956 (T.D. 54521).

4. At the time of exportation of the merchandise involved herein, the prices at which such or similar merchandise was freely offered for exportation to the United States to all purchasers in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, such prices including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, were as follows:

 (a) With regard to those items marked "A", the appraised values less the proportionate part of the items marked "AA" in green ink by the Examiner.

 (b) With regard to the items marked "B", the appraised values less the proportionate part of the items marked "AA" and "BB" in green ink by the Examiner.

5. That on or about the said time of exportation, such or similar merchandise was not freely offered for sale to all purchasers for home consumption in the country of exportation.

6. That the above-entitled appeal for reappraisement may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts and consistent with the cited decision on the law, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is export value, as defined in section 402(d) of the Tariff Act of 1930, and that such statutory value for the invoice items marked "A" and initialed "JTC" is the appraised value, less the proportionate part of the items marked "AA" in green ink, and for the invoice items marked "B" and initialed "JTC" is the appraised value, less the proportionate part of the items marked "AA" and "BB" in green ink.

As to all other merchandise included on the invoice covered by the entry involved herein, the appeal for appraisement is dismissed.

Judgment will be rendered accordingly.